IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                                                                         24-CR-40-JLS-HKS

MAX YANG CHEN
                      Defendants.

---

## GOVERNMENT MOTION TO DETERMINE CONFLICT OF INTEREST

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Douglas A. C. Penrose and Andrew J. Henning, Assistant United States Attorneys, of counsel, hereby files a Motion to Determine Conflict of Interest regarding the representation of defendant MAX YANG CHEN by Attorney Eric Soehnlein.

## BACKGROUND

In December 2023, in an unrelated case, *United States v. Gerace*, 19-CR-227-LJV, the government moved to disqualify Mr. Soehnlein because of a *per se* conflict resulting from an investigation of Mr. Soehnlein by the government. On April 25, 2024, District Judge Lawrence J. Vilardo denied the government's motion to disqualify Mr. Soehnlein. *See United States v. Gerace*, 19-CR-227-LJV (Docket No. 889).

Although the investigation of Mr. Soehnlein did not involve or relate to the charges against the defendant in this case, for the reasons set forth below, the government respectfully requests that the Court proceed as if Mr. Soehnlein has a potential conflict of interest arising

from the fact that he was under investigation by the government during the pendency of Mr. Soehnlein's representation of this defendant.[1]

## DISCUSSION

### A. Legal Background

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This constitutional guarantee generally ensures that a defendant may be represented by any attorney who will agree to take his case. *United States v. Perez*, 325 F.3d 115, 124–25 (2d Cir. 2003) (citing *United States v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir. 1982)). "The right to the effective assistance of counsel also includes the right to be represented by an attorney who is free from conflicts of interest." *Perez*, 325 F.3d at 125 (citing cases). "[W]hile a defendant generally may waive his Sixth Amendment right to an unconflicted attorney, 'the essential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.'" *United States v. Fulton*, 5 F.3d 605, 612 (2d Cir. 1993) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). This guarantee may be violated if the attorney has "(1) a potential conflict of interest that results in prejudice to the defendant, or (2) an actual conflict of interest that adversely affects the attorney's performance." *Perez*, 325 F.3d at 125 (quoting *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994)).

When the "specter of conflicts" arises, a district court must follow a series of steps to determine whether the attorney may continue representing the defendant. *United States v. Cain*,

---

[1] The status of that investigation has not been finally decided by the government.

671 F.3d 271, 293 (2d Cir. 2012). "At the initial, 'inquiry' stage, the court must 'investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all.'" *Id.* (quoting *Levy*, 25 F.3d at 153). "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir. 2002) (internal quotation marks and citation omitted). "In satisfying its inquiry obligation, the district court may rely on the representations of counsel as to his interest in the case and how any potential conflict might be cured." *Cain*, 671 F.3d at 293 (citation omitted).

"If the court is satisfied at the inquiry stage that there is no actual conflict or potential for one to develop, its duty ceases." *Id.* (citation omitted). However, "if the initial inquiry establishes that the conflict is 'such that no rational defendant would knowingly and intelligently desire the conflicted lawyer's representation,' the district court must immediately disqualify [the lawyer]." *Id.* at 293–94 (citation omitted); *see also Perez*, 325 F.3d at 125. In this situation, no waiver of the conflict is possible and, therefore, no *Curcio* hearing is required. *Cain*, 671 F.3d at 293. "Where an attorney labors under an actual conflict of interest, the public interest 'in ensuring that criminal trials are conducted within the ethical standards of the profession and that the legal proceedings appear fair to all who observe them' trumps a defendant's right to counsel of the defendant's choice and requires disqualification of the attorney." *United States v. Scala*, 432 F.Supp.2d 403, 405 (S.D.N.Y. 2006) (Kaplan, J.), *aff'd*, 266 F. App'x 41 (2d Cir. 2008) (quoting *Wheat*, 486 U.S. at 160). "In other words, the conflict is not waivable by the defendant." *Id.*

On the spectrum between no conflict and an actual conflict is an "attorney [who] suffers from a lesser actual or only a potential conflict." *Perez*, 325 F.3d at 125 (quoting *Levy*, 25 F.3d at 153). An attorney has a potential conflict of interest if "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998) (citation omitted). Where the court determines such a conflict exists "but that it would not fundamentally impair the lawyer's representation, the district court should address the defendant directly and determine whether he wishes to make a knowing and intentional waiver of his right to conflict-free counsel in conformity with the procedures set out in *Curcio*." *Cain*, 671 F.3d at 293. The court may then "accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice." *Perez*, 325 F.3d at 125 (citations omitted).

However, as the Supreme Court articulated in *Wheat v. United States*, the district court is "allowed substantial latitude in refusing waivers of conflicts of interest . . . where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial processes." 486 U.S. at 163; *see also Cain*, 671 F.3d at 294 ("[D]istrict courts have broad latitude in making a decision whether to disqualify a defendant's chosen counsel.") (citation omitted). "Federal courts['] . . . independent interest in ensuring that criminal trials are . . . ethical . . . [and] fair," *Wheat*, 486 U.S. at 160, coupled with the "potential for gamesmanship on the part of the defendant who waives a conflict only to later claim ineffective assistance," *Cain*, 671 F.3d at 294, necessitates affording the district courts broad latitude in refusing conflict waivers.

4

### B. Whether a Potential Conflict Exists as to Mr. Soehnlein.

The Second Circuit has held that even where, as here, there is no nexus between an attorney's alleged conduct and the charges against his or her client, a conflict may still be present.[2] "When counsel is the target of a criminal investigation by the same office that is prosecuting his client, he 'may, consciously or otherwise, seek the goodwill of the office for his own benefit' and his attempt to do so 'may not always be in the best interest of his client.'" *United States v. Pizzonia*, 415 F.Supp.2d 168, 183 (E.D.N.Y. 2006) (quoting *Armienti v. United States,* 234 F.3d 820, 825 (2d Cir. 2000)). *See also Levy,* 25 F.3d at 156 (attorney's prosecution on unrelated charges by the same office presented a conflict of interest because the attorney "may have believed he had an interest in tempering his defense of [the defendant] in order to curry favor with the prosecution"); *United States v. Ramos,* 350 F. Supp. 2d 413, 420 (S.D.N.Y. 2004) (noting that the Second Circuit "has never wavered from considering the lawyer's position as a target of criminal investigation while representing a criminal defendant a situation of conflict of loyalties analogous to representation of multiple clients").

Nevertheless, "[i]n the absence of a strong connection between the activity for which counsel is investigated and defendant's charges, [a] defendant may generally waive a conflict stemming from a criminal investigation of his attorney." *Pizzonia*, 415 F. Supp. 2d at 183-84; *see also Levy,* 25 F.3d at 157 n. 8 (permitting waiver where the attorney was under investigation for unrelated crimes and allegedly had a role in codefendant's flight); *United States v. Aiello,* 900 F.2d 528, 531–32 (2d Cir. 1990) (permitting waiver where the attorney was investigated in a different district for unrelated conduct); *Ramos,* 350 F. Supp. 2d at 422 (a defendant can

---

[2] There is no *per se* conflict in this case because Mr. Soehnlein is not "implicated in the very crime for which his . . . client is on trial." *Armienti*, 234 F.3d at 823.

make a knowing waiver of conflict arising from counsel's investigation and indictment on unrelated charges).

At present, a waivable potential conflict of interest exists as to Mr. Soehnlein. There is no connection between any investigation of Mr. Soehnlein's alleged conduct and the charges pending against the defendant in this case. *Pizzonia*, 415 F. Supp. 2d at 183-84. And because there is no nexus, the government can identify no "plausible alternative defense strategy or tactic [as to the defendant in this case] [that] might . . . be[ ] pursued" but which is "inherently in conflict with or not undertaken due to [Mr. Soehnlein's]" personal interests. *Schwarz*, 283 F.3d at 92 (quotation marks omitted). This fact strongly suggests that any conflict is potential and not actual; because there is no apparent way in which the interests of Mr. Chen and Mr. Soehnlein may directly diverge in this case, any conflict arises from a concern that Mr. Soehnlein "may . . . believe[] he had an interest in tempering his defense of [the defendant] in order to curry favor with the prosecution." *Levy,* 25 F.3d at 156.

The government acknowledges Judge Vilardo's decision denying the government's motion to disqualify Mr. Soehnlein in the *Gerace* case. *United States v. Gerace*, 19-CR-227-LJV (Docket No. 889 at 2-3). That decision, however, is not binding on this Court. Moreover, because the investigation of Mr. Soehnlein was ongoing during the pendency of the instant case, the government believes it is prudent to assume that there is a potential conflict similar to the one in *Armienti v. United States*, 234 F.3d 820, 825 (2d Cir. 2000). Therefore, the Court should conduct a *Curcio* colloquy with the defendant in this case to ensure that he is fully informed of the potential conflict that exists as to Mr. Soehnlein, and that Mr. Chen makes a knowing and informed decision as to whether to waive the conflict.

## CONCLUSION

For the reasons set forth above, the government requests that the Court conduct a *Curcio* hearing to: (1) confirm whether the defendant in this case is fully informed of Mr. Soehnlein's potential conflict; and (2) determine whether the defendant waives Mr. Soehnlein's potential conflict.

DATED: Buffalo, New York, May 13, 2024.

TRINI E. ROSS
United States Attorney

BY: /s/ DOUGLAS A. C. PENROSE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5868
Douglas.Penrose@usdoj.gov

p